UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY EDISON,<br>　　　　Plaintiff,<br>　　v.<br>UNITED STATES OF AMERICA, et al.,<br>　　　　Defendants. | Case No.: 1:12-cv-02026 AWI JLT<br><br>**FINDINGS AND RECOMMENDATION DENYING MOTIONS TO DISMISS OF DEFENDANTS GEO AND MTC**<br><br>**(Docs. 13, 19)** |

Plaintiff is a federal prisoner, housed at the Taft Correctional Institution. He alleges that while housed at Taft, he contracted Valley Fever as a result of the negligence of the operators of the prison, The GEO Group and Management and Training Corporation.

Before the Court are the motions to dismiss of GEO and MTC. (Docs. 13,19) Defendants contend Plaintiff failed to exhaust his administrative remedies provided by TCI. Also, GEO asserts it is entitled to judgment because it did not operate the prison at the time Plaintiff contracted the disease. For reasons set forth below, the Court recommends the motion be **DENIED**.

I.　**GEO's and MTC's motions to dismiss should be denied.**

　　A.　**An unenmerated Fed. R. Civ. P. 12(b) motion is the proper method for challenging whether an inmate has exhausted his administrative remedies**

A motion raising a prisoner's failure to exhaust administrative remedies is properly asserted by way of an unenumerated motion under Fed.R.Civ.P 12(b). Wyatt v. Terhune, 315 F.3d 1108, 1119

1

(9th Cir.2003); Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir.1998) (per curium). In determining whether a case should be dismissed for failure to exhaust the administrative remedies, "the court may look beyond the pleadings and decide disputed issues of fact" in a procedure that is "closely analogous to summary judgment." Id. at 111920. When the court concludes the prisoner has not exhausted all of his available administrative remedies, "the proper remedy is dismissal without prejudice." Id.

### B. There is no statutory authority requiring exhaustion of TCI's grievance procedure before a state law claim may be brought

"[T]he exhaustion doctrine "provides that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 837 (9th Cir. 2001) quoting McKart v. United States, 395 U.S. 185, 193 (1969). The Ninth Circuit has recognized the value in requiring exhaustion of administrative remedies because it "(1) avoid[s] premature interruption of the administrative process; (2) let[s] the agency develop the necessary factual background for decisions; (3) giv[es] the agency the first chance to exercise its discretion and apply its expertise; and (4) avoid[s] judicial interference with an agency until it has completed its action. Stuhlbarg at 193–94.

Based upon established legal principles requiring exhaustion of administrative remedies, Defendants assert Plaintiff was required to exhaust the grievance procedure provided at TCI as a prerequisite to filing suit. Notably absent from Defendants' motion is any showing that either entity is an "administrative agency" such that it can impose an administrative remedy as prerequisite to filing suit. Even assuming that GEO and MTC qualify as administrative agencies—which the Court does not accept--there is no statute which requires exhaustion before the inmate may initiate litigation.

The Prison Litigation Reform Act, ordinarily, requires an inmate to exhaust grievance procedures in place at his place of incarceration before he may bring suit. However, by its express terms, the PLRA applies only to claims brought under 42 U.S.C. § 1983 or under federal law.[1] 42

---

[1] Though arguing that Plaintiff was required to exhaust his administrative remedies and relying on the PLRA as a basis to explain the motion as an unenumerated Fed. R. Civ. P. 12(b) motion, GEO and MTC do not contend the PLRA applies here. (Doc. 13 at 5 n. 2)

U.S.C. § 1997e(a). Thus, though the PLRA permits GEO and MTC to maintain an administrative review procedure to address prospective PLRA claims, it does not provide a similar avenue to require exhaustion of grievances that result in a state law cause of action.

GEO relies upon the BOP's grievance procedure which governs inmates' housed in federal facilities and argues GEO has a similar process. Notably, the purpose of the BOP's Administrative Remedy Program set forth in 28 CFR § 542.10, "is to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." Despite this broadly-worded goal, many claims are excluded from the Program.

> **There are statutorily-mandated procedures in place for tort claims (28 CFR part 543, subpart C),** Inmate Accident Compensation claims (28 CFR part 301), and Freedom of Information Act or Privacy Act requests (28 CFR part 513, subpart D). **If an inmate raises an issue in a request or appeal that cannot be resolved through the Administrative Remedy Program, the Bureau will refer the inmate to the appropriate statutorily-mandated procedures**.

28 C.F.R. § 542.10, emphasis added. Specifically excluded from the Program are tort claims which must be addressed according to the Federal Tort Claims Act (28 CFR § 543 subpart C). Thus, if an inmate asserts a state law claim, such as negligence, cannot exhaust his administrative remedy by pursuing the relief set forth in 28 CFR §§ 542.10, et seq.

Though asserting that TCI's process is "nearly the same as the Bureau of Prisons,"[2] (Doc.6-1 at 2), Defendants fail to note that TCI's own program, like the BOP's Administrative Remedy Program, *excludes* tort claims. TCI's program specifically acknowledges the requirement of the BOP's program that tort claims be pursued according to the FTCA. Despite this, TCI's program does not impose a new requirement that tort claims must be exhausted even though the BOP's program does not. (Doc. 26 at 15) Indeed, a portion of the 2009 Inmate Handbook provided by the Defendants seems to indicate that TCI provides an avenue for addressing claims caused by employee negligence which "results in personal injury, property loss or damage to an inmate, it *can be* the basis of a Request for

---

[2] The Administrative Remedy Program does not apply to federal inmates placed in non-federal institutions. 28 C.F.R. § 542.10 ["This Program does not apply to inmates confined in other non-federal facilities."]

Administrative Remedy"[3] and that this, seemingly, is a separate process from the multi-part procedure which governs § 1983 claims. Id. at 7.

Thus, the Court finds that Defendants have failed to demonstrate they are administrative agencies such that they can impose an administrative process outside of the PLRA which is a prerequisite to filing suit or that there is statutory authority for this proposition. Therefore, the Court recommends the motion to dismiss be **DENIED**.

## II. GEO's motion for summary judgment should be denied at this time to allow discovery

GEO asserts that it may not be held liable because it did not operate TCI at the time Plaintiff contracted Valley Fever. (Doc. 13 at 8-10) In support for this position, GEO provides the declaration of Dale Patrick, an employee of MTC who has worked at TCI since 1997. (Doc. 13-1 at 1) Patrick asserts that MTC took over operation of TCI on August 20, 2007. Id. at 3. Patrick refers to and attaches to his declaration, a copy of MTC's webpage which asserts that it began operating TCI in August 2007. Id. at 15.

"When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." United States v. Ritchie, 342 F.3d 903, 907 (9th Cir.2003). Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one which may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute regarding a material fact is genuine if the evidence is such that a reasonable trier of fact could return a verdict in favor of the nonmoving party. Id.

A party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes

---

[3] Unfortunately, the full excerpt from the Inmate Handbook on this topic was not provided. (Doc. 26 at 7) Also, absent was TCI Policy 3-E which "is the governing policy for the Administrative Remedy Program with some modification as required by the Bureau of Prisons." Id.

4

demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). Where the moving party will have the burden of proof on an issue at trial, it must "affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007). "On an issue as to which the nonmoving party will have the burden of proof, however, the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case." Id. (citing Celotex, 477 U.S. at 323).

If the moving party has sustained its burden, the nonmoving party must "show a genuine issue of material fact by presenting affirmative evidence from which a jury could find in [its] favor." FTC v. Stefanchik, 559 F.3d 924, 929 (9th Cir. 2009) (citing Anderson, 477 U.S. at 257 (1986)) (emphasis in the original). Although the nonmoving party need not establish a material issue of fact conclusively in its favor, it may not simply rely on "bald assertions or a mere scintilla of evidence in [its] favor" to withstand summary judgment. Stefanchik, 559 F.3d at 929. Indeed, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (citation omitted).

In resolving a summary judgment motion, "the court does not make credibility determinations or weigh conflicting evidence." Soremekun, 509 F.3d at 984. Rather, "the evidence of the [nonmoving party] is to be believed, and all justifiable inferences are to be drawn in [its] favor." Anderson, 477 U.S. at 255. See T.W. Electric Service, Inc. v. Pacific Electric Contractors Ass'n, 809 F.2d 626, 630-31 (9th Cir. 1987). Inferences, however, are not drawn out of the air; it is the nonmoving party's obligation to produce a factual predicate from which the inference may justifiably be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985).

Under Federal Rules of Civil Procedure 56(d),

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> **(1)** defer considering the motion or deny it;
> **(2)** allow time to obtain affidavits or declarations or to take discovery; or
> **(3)** issue any other appropriate order.

5

Fed. R. Civ. P. 56. The party moving for relief under Rule 56(d) is required to "identify by affidavit specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100 (9th Cir.2006).

Here, Plaintiff opposes GEO's motion and contends that he needs to conduct discovery to be able to meet the claims raised by GEO. Plaintiff claims that GEO, even if not an operator of the prison when Plaintiff contracted his disease—may still be held liable because he believes that GEO and MTC are in privity. (Doc. 23 at 12-14) Exactly how—even if this is true—this bears on GEO's liability is not explained to the Court's satisfaction. Causes of action for negligence and premises liability are founded upon the defendant owing Plaintiff a legal duty. Cal. Code. 1714. Plaintiff does not claim that he believes that any contract between GEO and MTC created a legal duty not otherwise in existence.

On the other hand, at the hearing, Plaintiff's counsel clarified that Plaintiff needs discovery to challenge the declaration given by MTC's employee. Plaintiff noted that there is no showing that the declarant is authorized to speak for MTC such that he can bind the entity to the concession that it, and not GEO, was solely in control of TCI in October 2010, when Plaintiff claims he was infected with the disease. The Court finds this to be minimally sufficient to justify denying the motion for summary judgment at this time to allow discovery into which entity, or both, were in control of TCI's premises and Plaintiff, at the time he contracted Valley Fever. Therefore, the Court recommends the motion for summary judgment be **DENIED** without prejudice.

### III. Findings and Recommendations

Because there is an insufficient showing that Plaintiff was required to exhaust the grievance procedure in place at TCI before filing suit, the motions to dismiss of GEO and MTC are recommended to be **DENIED**. Likewise, because Plaintiff makes a minimally sufficient showing that discovery is needed before he is able to counter GEO's motion for summary judgment, the Court recommends GEO's motion for summary judgment be **DENIED WITHOUT PREJUDICE**.

Accordingly, **IT IS HEREBY RECOMMENDED**:

1. GEO's motion to dismiss/motion for summary (Doc. 13) judgment be **DENIED**; and
2. MTC's motion to dismiss/motion for summary (Doc. 19) judgment be **DENIED.**

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days after being served with these Findings and Recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 4, 2013**                    **/s/ Jennifer L. Thurston**
                                                                UNITED STATES MAGISTRATE JUDGE