1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| GREGORY EDISON, | ) | Case No.: 1:12-cv-02026  AWI  JLT |
| | ) | |
| Plaintiff, | ) | **ORDER ADOPTING FINDINGS AND** |
| v. | ) | **RECOMMENDATION DENYING MOTIONS** |
| | ) | **TO DISMISS OF DEFENDANTS GEO AND** |
| UNITED STATES OF AMERICA, et al., | ) | **MTC** |
| | ) | |
| Defendants. | ) | (Docs.13, 19, 29) |
| | ) | |

_____

        Plaintiff is a federal prisoner housed at the Taft Correctional Institution.  While housed there, Plaintiff alleges he contracted Valley Fever as a result of the negligence of the operators of the prison, On January 7, 2013, The GEO Group and Management and Training Corporation filed motions to dismiss which asserted Plaintiff was obligated to exhaust the administrative remedies in place at TCI and had not done so. (Docs. 13, 19)

        On February 4, 2013, the Magistrate Judge issued findings and recommendations that Defendants' motions to dismiss be denied. (Docs. 13, 19) The Magistrate Judge explained that there was no statutory authority that supported Defendants' claims that they were permitted to impose an administrative remedy that must be exhausted before an inmate may file a complaint raising state tort claims.  (Doc. 29 at 2-4)

        Defendants filed their objections to the findings and recommendations on February 19, 2013. (Doc. 31)  Defendants reiterated the arguments they made previously and continued to assert that

1

1    <u>Wright v. State of California</u>, 122 Cal.App.4th 659 (Cal.Ct.App. 2004), provides the needed legal

2    authority for the proposition that an inmate raising a state-law claim must exhaust the administrative

3    remedies provided by TCI.

4         Though <u>Wright</u>, provides sound analysis for the proposition inmates must exhaust

5    administrative remedies as required by the PLRA, it provides Defendants little assistance.[1]  Notably,

6    the <u>Wright</u> court was confronted with the administrative remedies provided by a sovereign, unlike

7    here.  <u>Id</u>. at 666.  <u>Wright</u> reads,

8         "As Witkin explains: '**The administrative tribunal is created by law to adjudicate
          the issue sought to be presented to the court**. The claim or "cause of action" is within
9         the special jurisdiction of the administrative tribunal, and the courts may act only to
          *review* the final administrative determination. **If a court allowed a suit to be
10        maintained prior to such final determination, it would be interfering with the
          subject matter jurisdiction of another tribunal.**'"

11

12   <u>Id</u>., emphasis added.  Under this definition, clearly, neither GEO nor MTC are administrative

13   tribunals.  Thus, there is no other tribunal involved whose jurisdiction is an impediment to this Court's

14   authority. Likewise, the instant matter does not concern remedies provided by an administrative

15   agency but instead, a remedial scheme imposed by private corporations.

16        Another key difference here, is that in <u>Wright,</u> the administrative remedy was provided by state

17   law.  <u>Wright</u>, at 666.  Though defendants argue there should be no distinction between state prisoners

18   in state-run facilities and federal prisoners in private prisons, they do not argue that the regulations

19   applicable to state-run prisons and set forth in the California Code of Regulations, tit. 15 § 3084 at

20   seq., apply here.  Instead, Defendants argue that a tort claim *may* be addressed in the BOP's grievance

21   procedures set forth in 28 CFR § 542.10 et seq. and, hence, their similar program.  (Doc. 31 at 5)

22   They argue, ". . . the language of 28 CFR § 542.10 does not preclude tort claims, such as Edison's,

23   from the administrative review process at Taft."  <u>Id</u>. at 6.  Even still, this is a far-cry from a mandate

24   that must be met before an inmate may file a lawsuit.

25   _____

26   [1]  Defendants argue, "Like the plaintiff in *Wright*, Edison was an inmate bringing state lawclaims [sic] against the prison
     for conditions related to his health, and was therefore required to exhaust his administrative remedies before presenting his
27   claims." (Doc. 31 at 4)  However, in truth, in <u>Wright</u>, the plaintiff had filed a complaint which raised state *and* federal
     claims. <u>Wright</u>, at 663.  Nevertheless, given the statutory scheme which required exhaustion of remedies both for state and
28   federal claims, even if only state law claims were at issue in <u>Wright,</u> the plaintiff still would have been found to have failed
     to exhaust his administrative remedies.

Nevertheless, Defendants admit 28 CFR § 542.10 requires certain claims to be addressed through "statutorily-mandated procedures." Id.  One such type of claim explicitly excluded from the procedures set forth in 28 CFR § 542.10, are tort claims.  As noted by the Magistrate Judge, this section reads, "There are statutorily-mandated procedures in place for tort claims (28 CFR part 543, subpart C) . . ." Coupled with 28 CFR § 542.10's explicit instruction that "the Bureau will refer the inmate to the appropriate statutorily-mandated procedures," there can be no serious argument that tort claims brought against the BOP *must* be pursued according to the four-part process as a prerequisite to filing suit.

Moreover, Defendants fail to acknowledge that inmates are free to sue under the FTCA. United States v. Muniz, 374 U.S. 150, 150 (1963).  Importantly, under the FTCA there is no requirement that the inmate also exhaust the BOP's four-part exhaustion procedure.  28 CFR 543.30 ("The provisions in this subpart describe the procedures to follow when filing an administrative tort claim with the Bureau of Prisons.")  Therefore, because 28 CFR § 542.10 does not require a federal prisoner placed in a federal prison to exhaust a tort claim through the four-part administrative remedy program, there is no legal footing for the proposition that a federal prisoner placed in a non-federal facility, must.

The Court has conducted a de novo review of this case in accordance with 28 U.S.C. § 636(b)(1)(C) and Local Rule 304. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1.     The findings and recommendations issued February 4, 2013 (Doc. 29) are ADOPTED in full;

2.     Defendants' motions to dismiss (Docs. 13, 19), are DENIED.

IT IS SO ORDERED.

Dated:   February 21, 2013               _____

                                     SENIOR  DISTRICT  JUDGE