UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY EDISON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA; THE GEO GROUP, INC.; MANAGEMENT & TRAINING CORPORATION; and JOHN DOES 1-50<br>　　　　　Defendants. | Case No.: 1:12-cv-02026-AWI-JLT<br><br>ORDER GRANTING DEFENDANT UNITED STATES' MOTION TO DISMISS<br><br>(Docs. 43, 43-1, 57) |

### INTRODUCTION

This matter comes before the Court on Defendant United States' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiff Gregory Edison ("Plaintiff") has initiated an action seeking damages for personal injury as a result of contracting Valley Fever while incarcerated at the Taft Correctional Institution ("Taft"). For the reasons that follow, Defendant's motion is GRANTED.

### FACTS AND PROCEDURAL BACKGROUND

Taft Correctional Institution is a government-owned, contractor-operated facility for federal inmates. Martz. Decl. ¶ 5-7. In 1997, the Bureau of Prisons (BOP) awarded Wackenhut Corrections Corporation ("GEO") a ten-year contract for operation of Taft. Doc. 43-4 Ex. A to Martz Decl. In

1  2007, Management and Training Corporation ("MTC") assumed management of the facility. Doc. 19-
2  1 Ex. D to Patrick Decl.

3  Plaintiff became an inmate at Taft on October 20, 2005. Doc. 43-7 Vikers Decl. ¶¶ 3, 4. He
4  was diagnosed Valley Fever on or about October 30, 2010. Doc. 1 Compl. ¶ 43. Plaintiff alleges
5  Defendant United States, through the BOP, negligently and recklessly exposed him to the potentially
6  deadly disease known as Valley Fever. Id. ¶¶ 1, 2. Plaintiff contends he had not previously been
7  exposed to the disease and he was in good health prior to his confinement at Taft. Id. ¶¶ 40, 41.
8  Specifically, Plaintiff states three causes of action against Defendant United States: (1) negligence
9  based on Defendant's failure to provide inmates with a safe and habitable prison, Id. ¶¶ 51-53, Opp'n
10 1; (2) premises liability based on Defendant' failure to operate and maintain the prison facility in a
11 safe and habitable condition, Compl. ¶¶ 55-56, Opp'n 1; and (3) negligence based on Defendant's
12 breach of its duty of care to plaintiff under 18 U.S.C. § 4042(a). Compl. ¶¶ 58-59, Opp'n 1.

13 On April 10, 2013, Defendant United States filed a motion to dismiss for lack of subject matter
14 jurisdiction. Docs. 43, 43-1. GEO and MTC are not parties to this motion. Id.

15 On June 3, 2013, Plaintiff filed an opposition. Doc. 52.

16 On June 17, 2013, Defendant United States filed a reply. Doc. 57.

17 **LEGAL STANDARD**

18 Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a motion to dismiss for lack of
19 subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). It is a fundamental precept that federal courts are
20 courts of limited jurisdiction. Vacek v. United States Postal Serv., 447 F.3d 1248, 1250 (9th Cir.
21 2006). Limits upon federal jurisdiction must not be disregarded or evaded. Owen Equipment &
22 Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). The plaintiff has the burden to establish that subject
23 matter jurisdiction is proper. Chandler v. State Farm Mut. Auto. Ins. Co., 598 F.3d 1115, 1122 (9th
24 Cir. 2010); Vacek, 447 F.3d at 1250; In re Ford Motor Co., 264 F.3d 952, 957 (9th Cir. 2001);
25 Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). This burden, at the pleading stage,
26 must be met by pleading sufficient allegations to show a proper basis for the court to assert subject
27 matter jurisdiction over the action. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189
28 (1936); Fed. R. Civ. P. 8(a)(1). A Rule 12(b)(1) motion may be either facial, where the inquiry is

confined to the allegations in the complaint, or factual, where the court is permitted to look beyond the complaint to extrinsic evidence. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004); Savage v. Glendale Union High School Dist. No. 205, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself. See Wolfe, 392 F.3d at 362; Safe Air For Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). However, courts do not accept the truth of legal conclusions merely because they are cast in the form of factual allegations. Doe v. Holy, 557 F.3d 1066, 1073 (9th Cir. 2009).

When a defendant makes a factual challenge "by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Meyer, 373 F.3d at 1039; Savage, 343 F.3d at 1039 n.2. The court need not presume the truthfulness of the plaintiff's allegations under a factual attack. Wood v. City of San Diego, 678 F.3d 1075, 1083 n.2 (9th Cir. 2011). In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. Meyer, 373 F.3d at 1039. And the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Thornhill Publishing Co. v. General Telephone Electronics, 594 F.2d 730, 733 (9th Cir. 1979).

## DISCUSSION

Defendant argues that Plaintiff's action against the United States should be dismissed because the "independent contractor exception" exempts the government from liability for the acts or omissions of the contractors operating Taft. Mot. 1. Plaintiff counters that Defendant is liable based on its own acts and omissions as landowner and jailor. Opp'n 9. Plaintiff further claims that because Defendant retained sufficient control over Taft and supervised the implementation of a Valley Fever policy, the aforementioned exception should not apply. Opp'n 9, 10.

**1. Plaintiff fails to show that he was not provided with habitable housing at Taft.**

All Plaintiff's causes of action are premised on the allegation that he was not provided with safe and habitable housing while incarcerated. Compl. pp 17-20. Specifically, Plaintiff contends that Defendant, as landowner, failed to make the dangerous condition safer or adequately warn him of the dangerous condition. Compl. ¶ 56; Opp'n 8. As an initial matter, Plaintiff fails to show the allegedly latent and dangerous conditions at Taft.

No court has held that exposure to Valley Fever spores presents an excessive risk to inmate health. Fernandez v. McGuiness, 2011 WL 1342994, at *1-*2 (E.D. Cal. 2011); Gray v. Robinson, 2011 WL 489035, at *7 (E.D. Cal. 2011); Cooper v. Yates, 2011 WL 489091, at *3 (E.D. Cal. 2011). Absent additional facts, the complaint's allegations fails to show an allegedly dangerous condition existed, much less evidence that indicates Defendant is responsible for such a condition.

**2. The independent contractor exception shields Defendant from liability.**

To the extent that Plaintiff intends to impose liability on Defendant, the independent contractor exception bars jurisdiction over Plaintiff's claims.

**A. The alleged tortious conduct concern responsibilities delegated to GEO and MTC.**

Congress authorizes the United States to contract with state and local authorities to provide safekeeping and care for inmates. Logue v. U.S., 412 U.S. 521, 529 (1973). Such statutory authorization for housing of federal prisoners contemplated that the day-to-day operations of the facilities were to be in the hands of the contractor, with the Government's role limited to the payment of sufficiently high rates to induce the contractor to do a good job. Id. Here it is undisputed that the BOP contracted with GEO and MTC to operate Taft. Doc. 43-4 Ex. A to Martz Decl.; Doc. 43-5 Ex. B to Martz Decl.; Doc. 19-1 Ex. D to Patrick Decl. These contracts provide that GEO and MTC would determine the day-to-day procedures and practices, hire their own employees, and are solely responsible for providing all essential health care to inmates. Doc. 43-3 Martz Decl. ¶¶ 10, 11-13, 16-17, 22-25, 28.

Plaintiff's claims fit within the parameters of the contractors' responsibilities. For example, Plaintiff alleges Defendant failed to take remedial and preventative measures, including but not limited to, paving over grassy or dusty areas, watering down dusty areas, keeping people inside during windy

conditions, constructing encased thoroughfares between buildings, using breathing masks, using solid-fences instead of wire-mesh fences, and other dust-controlling activities. Compl. ¶ 42; Opp'n 2.

However, the contracts expressly provide that GEO and MTC shall "operate and maintain the entire physical plant, interior and exterior, including but not limited to buildings, equipment, utilities, grounds, roadways…" Doc. 43-4 Ex. A to Martz Decl. 23; Doc. 43-5 Ex. B to Martz Decl. 34. Whether to regulate inmates' outdoor activities are under the direction of the GEO and MTC employees, and no BOP employee had any authority over the day-to-day operations. Doc. 43-3 Martz Decl. ¶¶ 15, 22, 27; Doc. 43-2 Harvey Decl. ¶¶ 42, 43; Doc. 43-6 Strauss Decl. ¶¶ 17, 18, 32. Similarly, only the contractors had control over the inmates' outdoor recreation yard. Doc. 43-2 Harvey Decl., ¶¶ 36-37; Doc. 43-6 Strauss Decl. ¶ 39. Further, Geo and MTC are solely responsible for the prevention of Valley Fever at Taft. Doc. 43-2 Harvey Decl. ¶¶ 17, 56; Doc. 43-6 Strauss Decl. ¶¶ 18, 40, 45-46. GEO and MTC are contractually obliged to provide health services and medical care to inmates. Doc. 43-3 Martz Decl. ¶¶ 16-17; Doc. 43-5 Ex. B to Martz Decl. 44, 46; Doc. 43-2 Harvey Decl. ¶ 56; Doc. 43-6 Stauss Decl. ¶ 45.

In fact, Plaintiff concedes that the contractors operated Taft. Compl. ¶¶ 3, 5. He presents no evidence showing that any of the day-to-day operations were under the direct control of the United States. Accordingly, the challenged acts or omissions are in the hands of the contractors.

The next question is, whether the United States is subject to liability for GEO's and MTC's conduct.

**B.  The independent contractor exception shields the United States from liability.**

"A party may bring an action against the United States only to the extent that the government waives its sovereign immunity." Valdez v. United States, 56 F.3d 1177, 1179 (9th Cir.1995). The FTCA provides for a limited waiver of sovereign immunity, allowing suits against the United States for injuries "caused by the negligent or wrongful act or omission of any Government employee while acting within the scope of his office or employment[.]" 28 U.S.C. § 1346(b)(1). However, the FTCA defines "employee of the government" to include "officers and employees of any federal agency," but excludes "any contractor with the United States." Id. § 2671; Autery v. United States, 424 F.3d 944, 956 (9th Cir. 2005) (citations omitted). Because the FTCA, as a waiver of sovereign immunity, must

be strictly construed and ambiguities resolved in favor of the government, the independent contractor exception is to be broadly construed. Robb v. United States, 80 F.3d 884, 887 (4th Cir.1996). "The critical test for distinguishing an agent from a contractor is the existence of federal authority to control and supervise the 'detailed physical performance' and 'day to day operations' of the contractor." Logue, 412 U.S. at 527-28; Autery, 424 F.3d at 956.

In the instant case, the BOP contracted with GEO and MTC to operate Taft. Doc. 43-3 Ex. A to Martz Decl.; Doc. 43-4 Ex. B to Martz Decl.; Doc. 19-1 Ex. D to Patrick Decl. BOP personnel were not involved in the day-to-day operations at Taft, nor did they supervise individual GEO/MTC employees in their day-to-day activities at Taft. Doc. 43-3 Martz Decl. ¶¶15, 22, 27; Doc. 43-2 Harvey Decl. ¶¶42, 43; Doc. 43-6 Strauss Decl. ¶¶17, 18, 32. Plaintiff presents no evidence that any of the day-to-day operations at Taft were under the direct control of the United States. Therefore, GEO and MTC are independent contractors. The FTCA makes clear that the United States cannot be sued for the acts or omissions of an independent contractor.

### C. The United States' retention of some control over the Taft facility does not abrogate independent contractor exception.

Under the FTCA, the United States is subject to liability for the negligence of an independent contractor only if it can be shown that the government had authority to control the detailed physical performance of the contractor and exercised substantial supervision over its day-to-day activities. See United States v. Orleans, 425 U.S. 807, 814-15 (1976); Letnes v. United States, 820 F.2d 1517, 1519 (9th Cir.1987). Again, the critical test for distinguishing an agent from a contractor is where there is *substantial* supervision over *detailed* physical performance, not whether the United States has retained any control at all.

Here, Plaintiff does not allege the United States exercised substantial supervision or detailed control over Taft's daily operations, nor did the United States, in fact, exercise this type of supervision or control. Doc. 43-2 Harvey Decl. ¶¶ 42, 43, 49, 51, 56; Doc. 43-6 Strauss Decl. ¶¶ 17, 18, 45. The United States' retention of some control over the Taft facility does not abrogate the independent contractor exception.

1    For example, Plaintiff contends that the United States's oversight and control over policy
2  implementation related to Valley Fever makes the contractor exception inapplicable. Opp'n 4, 6, 10.
3  Plaintiff alleges: (1) all policies developed by the contractor were submitted to BOP for approval prior
4  to implementation, Opp'n 5; Feldman Decl. ¶ 9; and (2) Defendant developed a program to address the
5  Valley Fever epidemic and mandated compliance. Opp'n 10. Issuing policy authorization does not
6  evidence that the government exercised the requisite "substantial supervision". See Lawrence v. Dep't
7  of the Navy, 59 F.3d 112, 114 (9th Cir. 1995). Similarly, the ability to compel compliance with federal
8  regulations does not negate the applicability of the independent contractor exception. Autery, 424 F.3d
9  at 957; Letnes, 820 F2d at 1519.

10    Plaintiff's contention that the United States maintained control over the implementation of
11  structural changes (Opp'n 6-13) is ungrounded. As discussed earlier, the contractors operate and
12  maintain the entire physical plant. Doc. 43-4 Ex. A to Martz Decl. 23; Doc. 43-5 Ex. B to Martz Decl.
13  34. Even if Defendant did "fix specific and precise conditions to implement federal objectives", such
14  regulations do not make the government liable for the acts of contractors. Orleans, 425 U.S. at 816;
15  Autery, 424 F.3d at 957.

16    Moreover, Plaintiff's claim that the United States had on-site employees dedicated to
17  administer the contracts and ensure performance (Opp'n 5) does not abrogate the application of the
18  independent contractor exception. See id; Letnes, 820 F.2d at 1519.

19    Finally, Plaintiff's reliance on Logue, Close and Witt is misplaced[1]. In Logue, the United
20  States had no control over the actions of the city jail employees.  The Supreme Court did remand the
21  case to determine whether a federal employee was negligent in his duty to protect the decedent.
22  However, the case involved the acts taken by a federal employee-the Deputy United States Marshal,
23  and Plaintiff admitted that the determination was targeted at this federal agent. In Close, the court
24  noted that the D.C. jail is not a contractor of the federal government within the meaning of the
25  contractor exception. Close, 397 F.2d at 687. In Witt, the court determined that the contractor was

---

[1] See Logue, 412 U.S. 521 (1973); Close v. United States, 397 F.2d 686 (1968); Witt v. United States, 462 F.2d 1261 (1972).

7

acting "on behalf of a federal agency in an official capacity, temporarily… in the service of the United States." Witt, 462 F.2d at 1264. These cases do not address a fact pattern that is similar to the instant case.

**ORDER**

For the foregoing reasons, the Court ORDERS that:

1. Defendant United States' motion to dismiss is GRANTED;
2. This action will proceed as to the remaining Defendants; and
3. This action is referred to the Magistrate Judge for further scheduling and other proceedings.

IT IS SO ORDERED.

Dated:   September 6, 2013

SENIOR  DISTRICT  JUDGE