1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GREGORY EDISON, | 1:12-cv-02026-AWI-JLT |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT** |
| v. | |
| UNITED STATES OF AMERICA, THE GEO GROUP, INC., MANAGEMENT & TRAINING CORPORATION, AND JOHN DOES 1-50, | (Doc. 68) |
| Defendants. | |
| _____/ | |

### I.   INTRODUCTION

Plaintiff Gregory Edison has filed a Motion for Entry of Final Judgment pursuant to Federal Rules of Civil Procedure 54(b).  For reasons discussed below, the motion is GRANTED.

### II.   FACTS AND PROCEDURAL BACKGROUND

1

The Court refers the parties to previous orders for a complete chronology of the proceedings.  On December 13, 2012, plaintiff Gregory Edison (hereinafter referred to as "Plaintiff") filed his complaint against defendant United States of America, ("USA") for negligence under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), and for breach of duty of care under 18 U.S.C. § 4042(a).  Within the same complaint, Plaintiff also alleged claims against The Geo Group, Inc. ("GEO") and Management & Training Corporation ("MTC") for negligence.  In the complaint, Plaintiff alleged as follows:

> "Coccidioidomycosis (commonly known as 'Valley Fever' or 'San Joaquin Valley Fever' or simply as 'cocci') has long been known as a serious infectious disease which is contracted by the inhalation of an airborne fungus, Coccidioides immitis, which is endemic in the soil of various areas of the Southwest."

Plaintiff further alleged:

> "Preventative measures that can effectively combat the spread of cocci have been known of in the medical and other communities since the 1940s… These measures include watering down dusty areas, planting grass or shrubs over dusty areas, and keeping individuals inside during windy conditions."

Plaintiff further alleged:

> "The Defendants…were on notice of the risk of harm from cocci and failed to take actions to protect Plaintiff from that harm."

Plaintiff further alleged:

> "The Defendants…failed to provide and maintain safe and habitable housing for inmates at Taft C.I. [Taft Correctional Institution] (including Plaintiff)."

Plaintiff further alleged:

> "No measures were implemented at Taft C.I. by Defendants to protect Taft C.I. inmates from infection at the times relevant to this Complaint."

Plaintiff further alleged:

"Defendants provide no health-care services that assist those infected with Cocci while incarcerated at Taft, C.I. after their departure or release from custody, leaving these individuals to fend for themselves."

Plaintiff further alleged:

"[T]he defendants had indisputable knowledge that this disease was potentially deadly, and that any federal inmate assigned to Taft C.I. was in danger of contracting the disease due to its physical location in the San Joaquin Valley amidst desert and agricultural terrain that generated the dust-borne spores of Coccidioides immitis."

Plaintiff further alleged:

"Upon entering federal custody, Plaintiff had not previously been exposed to the disease Coccidioidomycosis."

Plaintiff further alleged:

"While the Plaintiff was incarcerated at Taft C.I., the defendants failed to take any particular measures to protect the inmates at Taft from inhaling the naturally occurring airborne dust generated by the desert winds and nearby agricultural activities. Plaintiff was not provided any special protective breathing masks or other devices, and to his knowledge there was no special air conditioning equipment employed by the facility to filter out the dust occurring in the local environment. Nor was there any prohibition of outdoor activities during dusty conditions. Nor was anything done to keep the dust that forms that basis of the facility covered with grass or shrubs. Nor was that dust ever watered down or oiled down. Nor were inmates kept inside during windy conditions. As a result of these errors, Plaintiff contracted Cocci."

Plaintiff further alleged:

"Plaintiff was diagnosed with Valley Fever on or about October 30, 2010.  Plaintiff's very high Complement Fixation indicated a high likelihood of dissemination… There are no medical services that will be provided to his [sic] as a result of his acquisition of his cocci infection."

1

2       Plaintiff alleged Defendant USA failed to provide Plaintiff with a safe and habitable

3 prison in which to reside, failed to operate and maintain the prison facility in a safe and habitable

4 condition, and breached their duty of care under 18 U.S.C. § 4042(a).

5       On April 10, 2013, Defendant USA filed a Motion to Dismiss the complaint pursuant to

6 the independent contractor exception to the FTCA.   On June 3, 2013, Plaintiff filed his

7 opposition to Defendant USA's Motion to Dismiss.[1]   On September 9, 2013, the court granted

8 Defendant USA's Motion to Dismiss.   As of the date of this order, Defendant MTC remains a

9 party to this matter.

10       On September 11, 2013, Plaintiff filed a Motion for Entry of Final Judgment of the

11 USA's dismissal pursuant to Fed.R.Civ.P. 54(b).   On October 11, 2013, USA filed an opposition

12 to Plaintiff's Motion for Entry of Final Judgment.   Plaintiff filed his reply to USA's opposition

13 on October 16, 2013.

14

15           **III.   LEGAL STANDARD**

16

17 Federal courts of appeals have jurisdiction over only appeals from "final decisions" of federal

18 district courts. 28 U.S.C. § 1291.  "Ordinarily, an order which terminates fewer than all claims,

19 or claims against fewer than all parties, does not constitute a 'final' order for purposes of appeal

20 under 28 U. S.C. § 1291." *Carter v. City of Phila.,* 181 F.3d 339, 343 (3rd Cir. 1999).  Rule

21 54(b) creates an "exception to the finality rule."   *Ortho–McNeil Pharm., Inc. v. Kali Labs., Inc.,*

22 Nos. 02–5707, 04–0886, 06–3533, 2007 WL 1814080, at *2 (D.N.J. June 2, 2007).  The rule

23 provides that in actions involving multiple parties or more than one claim for relief, "the court

24 may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only

25 ───────────────
[1] On July 17, 2013, the court granted Defendant GEO's Motion to Dismiss.

26

if the court expressly determines that there is no just reason for delay." Fed.R.Civ.P. 54(b).[2]  "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal*." Curtiss-Wright Corp. v. General Elec. Co*., 446 U.S. 1, 8 (1980); *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956); *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005).

The Eastern District of California has interpreted Rule 54(b) to require the presence of three conditions: (1) multiple claims or multiple parties; (2) at least one claim or the rights and liabilities of one party have been finally decided; and (3) and there is no just reason for any delay in entering judgment and allowing an appeal. *Estate of Kligge v. Fidelity Mortg. of Cal.*, 2006 WL 3649340, at *1 (E.D. Cal. Dec. 12, 2006).   When determining whether there is a "just reason for delay" a court must "take into account judicial administrative interests as well as the equities involved" and "may consider factors such as 'whether the claims under review were separable from the other remaining to be adjudicated.'"  *Curtiss-Wright*, 446 U.S. at 8.  The district court must preserve "the historic federal policy against piecemeal appeals."  *Id.*; *Sears, Roebuck*, 351 U.S. at 438; *Wood*, 422 F.3d at 878-79.  There exists "a long-settled and prudential policy against the scattershot disposition of litigation," and "entry of judgment under [Rule 54(b)] should not be indulged as a matter of routine or as a magnanimous accommodation to lawyers or litigants." *Spiegel v. Trs. of Tufts Coll.,* 843 F.2d 38, 42 (9th Cir. 1988) (citations omitted).

---

[2] Fed.R.Civ.P. 54(b) provides: Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

# IV.   DISCUSSION

Plaintiff's Motion for Entry of Final Judgment is built upon the argument that the Court's Order granting Defendant USA's Motion to Dismiss resolves all claims brought by Plaintiff against USA.   Plaintiff also argues that there is no just reason to delay an entry of final judgment because he anticipates no challenge by Defendant to the court's subject matter jurisdiction-based ruling.   Additionally, Plaintiff argues there is a slim likelihood of piecemeal appeals because the independent contractor exception to the FTCA would not be applicable to MTC (the sole remaining defendant in the matter).   Furthermore, Plaintiff argues that an entry of final judgment at this time can help to avoid future judicial inefficiency by seeking clarification from the Appellate Court regarding the independent contractor exception's confines to the FTCA, sooner rather than later.

Defendant argues that certification under Rule 54(b) is not proper at this time because there is just reason for the court to delay entry of final judgment.    To support this argument, Defendant first alleges the facts of the claims against USA and MTC overlap and are, thus, inseparable.   USA further argues that clarification from the Appellate Court regarding the independent contractor exception's interpretation is needless and would not be helpful at this time.   Defendant argues additional just reasons for delay, chief of which is that there are no pressing needs that cannot wait for a final resolution regarding the remaining claim against MTC, and that denial of certification will not harm Plaintiff.

6

1

2   ***A.  Multiple Claims or Parties*** – Rule 54(b) allows the district court to certify at least one but

3   fewer than all claims for final judgment when an action presents more than one claim for relief

4   or when multiple parties are involved.  Fed.R.Civ.P. 54(b).  In the instant case, Plaintiff filed his

5   original complaint against three individual defendants (USA, GEO, and MTC) alleging multiple

6   different claims (violation of FTCA, breach of duty under federal law, and common law

7   negligence).  Here, because both multiple claims and multiple parties are present and because

8   Plaintiff's Motion for Entry of Final Judgment regards only his claims against Defendant USA,

9   the first requisite element under Rule 54(b) is met.

10

11   ***B.  Final Decision*** – The court must next determine whether it is dealing with a final judgment

12   that is "an ultimate disposition of an individual claim entered in the course of a multiple claims

13   action." *Curtiss-Wright*, 446 U.S at 7.  A judgment is final "if it 'ends the litigation on the merits

14   and leaves nothing for the court to do but execute the judgment'" as to that party or claim.  *Ariz.*

15   *State Carpenters Pension Trust Fund v. Miller*, 938 F.2d 1038, 1039 (9th Cir. 1991) (*quoting*

16   *Gulfstream Aerospace Corp. v Mayacamos Corp.*, 485 U.S. 271, 275, (1988).  Here, the Motion

17   to Dismiss in favor of Defendant USA is final.  Nothing remains for the court to do with respect

18   to Plaintiff's claim against USA except to enter judgment.  Thus, there has been a final decision

19   on a separate and distinct legal claim.

20

21   ***C.  No Just Reason for Delay*** - Having found a final decision against a separate claim and

22   defendant, the court must determine if there is any just reason to delay the entry of judgment.  In

23   doing so, **"**[T]he trial court [should] marshal the competing considerations and state the ones

24   considered to be most important [when making a Rule 54(b) certification]...." *Schwartz v.*

25

26                                          7

*Compagnie General Transatlantique,* 405 F.2d 270, 275 (2nd Cir. 1968). The court should then "make a brief reasoned statement in support of its determination that, 'there is no just reason for delay.'" *Gumer v. Shearson, Hammell & Co., Inc.*, 516 F.2d 283, 286 (2nd Cir. 1974); *see also Fed. Home Loan Mortg. Corp. v. Scottsdale Ins. Co.,* 316 F.3d 431, 441 (3rd Cir. 2003); *Carter v. City of Phila.*, 181 F.3d 339, 347 (3rd Cir. 1999).

### *i. Clarification of the Independent Contractor Exception to the FTCA*

Plaintiff contends that there are differing opinions among courts within the Ninth Circuit as to the application of the independent contractor exception to the FTCA. Plaintiff argues that post-appeal finality on the jurisdictional issues would help resolve current and future potential conflict on this issue. Defendant asserts **"**no case law is cited by Plaintiff that a difference of opinion by two district court judges in different lawsuits… necessitates entry of judgment under Rule 54(b)."

It is unnecessary for Plaintiff to cite case law in order for this Court to recognize that not all district courts interpret and apply the law in the same way, and that this can lead to less than optimal judicial administration. Different courts that rule differently can result in judicial resource exhaustion as cases are remanded for reconsideration consistent with higher court rulings. At times, clarification on a legal issue is needed. If the issue is one that can be resolved and clarified on appeal, and if that resolution serves to promote judicial efficiency, there is scant reason to delay that clarification. *See In re Saxman*, 325 F.3d 1168, 1171 (9th Cir. 2003) (quoting *North Slope Borough v. Barstow (In re MarkAir, Inc.),* 308 F.3d 1057 (9th Cir. 2002) (If the issue concerns "primarily factual issues about which there is no dispute, and the appeal concerns primarily a question of law, then the policies of judicial efficiency and finality are best served by our resolving the question now.")); *see also In re Indian Wells Estates, Inc.,* 96 F.3d

8

1451 (9ᵗʰ Cir. 1996); *In re DeMarah*, 62 F.3d 1248, 1250 (9ᵗʰ Cir. 1995).  There are numerous cases before courts in the Eastern District of California --- originating from multiple correctional institutions within the San Joaquin Valley --- that address inmates' exposure to Valley Fever. The majority of these cases implicate the United States and question whether the government must bear liability, and conversely, to what extent the independent contractor exception shields liability to the FTCA.  At this time the Court finds that the exact legal confines of the independent contractor exception, and how it is to be applied to the United States Government, are evolving and should be explored by the Ninth Circuit at this stage of litigation.  This serves the best interests of the court and parties.  A more clarified and comprehensible understanding as to what claims may be asserted against the United States, in this context, would assist this and other district courts.

Defendant USA contends "there are no 'pressing needs' that cannot wait until [the remaining defendant's] trial is complete and a final judgment is entered."  This Court respectfully disagrees.  Not only does the court find *no just reason to delay* an entry of final judgment, there is, additionally, reason *not to delay*.  That reason is simply to promote judicial efficiency in a district that is already significantly overburdened so that the United States District Court for the Eastern District of California may continue to stave off a crisis in the administration of justice.[3]

### ii. Rule 54(b) as Certification of Defense

Defendant argues that Rule 54(b) does not allow for certification of a defense and alleges that seeking entry of the judgment as to the United States' defense --- the independent contractor exception to the FTCA --- is precisely an attempt by Plaintiff to certify USA's defense.

---

[3] Judges in the Eastern District of California carry the heaviest caseload in the nation, and currently operate with a shortage of District Judges and staff.

Defendant relies on *Oklahoma Turnpike v. Bruner*, 259 F.3d 1236, 1243 (10th Cir. 2001) ("Rule 54(b) does not allow for certification of a defense" (quoting *W.L. Gore & Assocs., Inc. v. Int'l Med. Prosthetics Research Assocs., Inc.*, 975 F.2d 858, 863 (Fed.Cir. 1992)).

Defendant's reliance on *Oklahoma Turnpike* is misplaced because the argument fails to consider the language that follows "[D]oes not allow for certification of a defense." The case states, in pertinent part:

> "Rule 54(b) does not allow for certification of a defense. By its terms, Rule 54(b) allows certification only of 'one or more but fewer than all of the claims or parties.' Fed.R.Civ.P. 54(b)… [M]oreover, Rule 54(b) does not come into play when mere defenses are left unadjudicated, but only when additional claims, counterclaims, or third-party claims are left unadjudicated. *See* Fed.R.Civ.P. 54(b)." *Gore,* 975 F.2d at 863.

In the instant case, Plaintiff invokes Rule 54(b) not to certify a "mere defense," but to, indeed, certify "one or more but fewer than all of the claims or parties." Fed.R.Civ.P. 54(b). In this manner, *Gore* serves to support Plaintiff's Motion for Entry of Final Judgment on the claims against the USA. The nature of Plaintiff's motion is precisely that which is allowed within the langue of Rule 54(b), and the court is unpersuaded that the motion should be denied simply because the reason USA was dismissed from the case can be considered a defense. Additionally, *Gore* does not address a fact pattern that is similar to the instant case: In *Gore,* only defenses remained to be adjudicated, whereas here, claims against other parties remain.

Furthermore, this Court recognizes that the FTCA's independent contractor exception is a legally sound defense. However, in the instant case, the independent contractor exception is more than *just a defense*. The independent contractor exception proved to be, to the USA, an avenue affecting a party's *entire dismissal*. It was the single mechanism that released Defendant USA from all liability. Defendant's characterization of the independent contractor exception is overall unpersuasive as a reason for this Court to not grant Rule 54(b) certification.

Accordingly, for reasons stated above, the Court finds that there is no just reason for delay.  Thus, the Court finds the third and final requisite element for certification under Rule 54(b) is sufficiently met.

## V.   DISPOSITION

Based on the foregoing, it is HEREBY ORDERED that:

1.   Plaintiff's request for certification pursuant to Rule 54(b) shall be granted;

2.   The Clerk of the Court is directed to enter final judgment in favor of Defendant USA;

3.   Plaintiff may proceed with an appeal of the Court's September 9, 2013 decision;

4.   Plaintiff must file any appeal within (30) days of the date of this order;

5.   In light of a potential appeal on this matter, this case is temporarily stayed; and

6.   All parties shall notify the court within (15) days of an order by the Ninth Circuit Court of Appeals regarding this matter, or Plaintiff's failure to file an appeal.

IT IS SO ORDERED.

Dated:   March 6, 2014   _____

SENIOR  DISTRICT  JUDGE

11